UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM BARBER,

                        Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                                  11-CV-5520 (RRM)(JMA)

   - against -

HORNBECK OFFSHORE OPERATORS, LLC;
HORNBECK OFFSHORE TRANSPORTATION,
LLC; HORNBECK OFFSHORE SERVICES,
INC., and THE BARGE ENERGY 6507,

                        Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff William Barber brings this suit against defendants Hornbeck Offshore Operators LLC, Hornbeck Offshore Transportation, LLC, Hornbeck Offshore Services, Inc., and The Barge Energy 6507 (collectively "Defendants") pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901 *et seq.*, alleging that Defendants' negligence caused him injury. Presently before the Court are the parties' cross motions to amend their pleadings under Federal Rule of Civil Procedure 15. For the reasons set forth below, Defendants' motion is granted and plaintiff's motion is granted only insofar as defendants consent to the amendment, and is otherwise denied.

## BACKGROUND

      The following facts are taken from plaintiff's initial complaint. (*See* Compl. (Doc. No. 1).) On December 30, 2010, plaintiff was employed as a dockworker and terminal operator at a facility in Newburgh, New York. At approximately 5:30 A.M. on that day, plaintiff was assigned to provide line handling services for the barge Energy 6057, which was operated and controlled by the Defendants. Plaintiff was ordered to take two mooring lines from the barge and secure them to different cleats on the dock. Plaintiff did as he was directed. However, after

securing the two lines, plaintiff was ordered to remove both lines from the cleats and transpose them because the captain of the tug boat accompanying the barge wanted them positioned differently. Plaintiff claims that he was injured while holding the two lines and attempting to reposition them.

Plaintiff filed his original complaint on November 14, 2011, alleging that while he was removing the lines, a "mooring line jerked suddenly twisting plaintiff and causing plaintiff to experience severe pain in his neck back and shoulders." (*Id.* at ¶ 25.) Plaintiff claims that the accident was caused solely by the Defendants' negligence and that as a result he "sustained severe bodily injuries including injuries to his neck and back and emotional distress." (*Id.* at ¶¶ 26–28.) Discovery commenced shortly thereafter and, following the granting of several extension requests by the plaintiff, was completed on January 31, 2013. The parties submitted their proposed joint pretrial order to the Court on March 28, 2013. (*See* Proposed JPTO (Doc. No. 14).)

On March 4, 2013, Defendants filed a letter requesting a premotion conference with the Court in order to obtain leave to file a motion to amend their answer and to file motions for sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. (*See* Defs.' Mar. 4, 2013 Ltr. (Doc. No. 10)).) Defendants argued that information they obtained in discovery indicated that the mooring lines did not jerk, that plaintiff's purported injuries have no physiological basis, and that surveillance video shows that plaintiff can engage in a wide range of strenuous activity, which refutes his claim that he is disabled. Defendants contended that plaintiff's claims were fraudulent, and indicated their desire to amend their complaint to assert a counterclaim for fraud and to file a motion for sanctions. (*See id.*) In response, plaintiff took exception to Defendants' characterization of the evidence and argued that his claim was not

frivolous. (*See* Pl.'s Mar. 13, 2013 Ltr. (Doc. No. 12).) Plaintiff also stated that "the manifestation of [his] injuries appears to be psychological." (*Id.*)

The Court held a premotion conference during which plaintiff indicated that he also sought leave to amend his complaint to assert that the injuries he suffered were psychological in nature. The Court granted leave for both parties to file their motions to amend,[1] and the instant motions followed.

**DISCUSSION**

Under Federal Rule of Civil Procedure 15, leave to amend should be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). Amendments are generally favored because "they tend to facilitate a proper decision on the merits." *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998). However, leave may be properly denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

Prejudice to the opposing party resulting from a proposed amendment is among the most important reasons to deny leave to amend. *AEP Energy Services Gas Holding Co. v. Bank of America*, 626 F.3d 699, 726 (2d Cir. 2010). An amendment is prejudicial when it would: "(i) require the opponent to expend significant additional resources to conduct discovery and

---

[1] The Court also granted leave for the Defendants to file their motions for sanctions, but gave the plaintiff the option to file his opposition following trial. By letter dated July 23, 2013, plaintiff elected to do so. (*See* Pl.'s Jul. 23, 2013 Ltr. (Doc. No. 28).) Thus, Defendants' motions for sanctions, (*see* Doc. Nos. 19–24), are held in abeyance until trial in this matter is concluded.

3

prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350. Thus, a court may deny leave to amend "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990).

The decision to grant or deny a motion to amend rests within the sound discretion of the district court. *Bernhard v. Central Parking Syst. of New York, Inc.*, 282 F.R.D. 284, 287 (E.D.N.Y. 2012); *see also AEP Energy Servs.*, 626 F.3d at 725 ("We ordinarily review a district court's denial of a motion to amend the pleadings for abuse of discretion.").

**A. Defendants' Motion to Amend**

Defendants seek leave to amend their answer to assert a counterclaim against the plaintiff for fraud. (*See* Defs.' Br. in Supp. Mot. to Amend. (Doc. No. 29-6); Defs.' Proposed Am. Answer (Doc. No. 29-4).) In response, plaintiff does not argue that Defendants' amendment would unduly prejudice him, is motivated by bad faith, or would be futile. Rather, plaintiff opposes Defendants' proposed counterclaim on the basis that the damages Defendants seek "are not recoverable under the American system of law." (Pl.'s in Opp. to Defs.' Mot. to Amend. (Doc. No. 30).) According to plaintiff, Defendants' counterclaim would run afoul of the so-called "American Rule," which holds that attorney's fees are not ordinarily recoverable by the party prevailing in a lawsuit absent statutory authorization. (*See id.* at 4–5.).

Plaintiff, however, misunderstands the import of Defendants' proposed amendment. Defendants' counterclaim would not allow them to recover attorney's fees in the event that they defeat plaintiff's LHWCA claim. Rather, Defendants would recover damages only if they could prove that plaintiff committed fraud under New York law. *See Crigger v.*

4

*Fahnestock and Co., Inc.*, 443 F.3d 230, 234 (2d Cir. 2006) (stating that the elements for a fraud claim under New York law are "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff."). Thus, to the extent that the so-called "American Rule" is relevant in the Rule 15 context – a proposition for which plaintiff offers no relevant authority – Defendants' proposed amendment would not impermissibly shift attorney's fees and plaintiff's argument fails.

Defendants' proposed counterclaim was offered shortly after the close of discovery, once defendants had a good faith, particularized basis on which to assert it. Defendants do not seek to reopen discovery, so the parties will not need to expend additional resources as a result of the counterclaim and there is no potential for the counterclaim to significantly delay the resolution of this dispute. Plaintiff has failed to argue that the proposed counterclaim would unduly prejudice him in any way. Quite simply, plaintiff has failed to offer any legitimate reason for the Court to deny Defendants leave to amend their answer. Accordingly, Defendants' motion to amend is granted and Defendants may assert a counterclaim for fraud against the plaintiff.

**B. Plaintiff's Motion to Amend**

By contrast, the Court finds that plaintiff's proposed amendment should be denied. Although plaintiff alleged in his original complaint that the mooring lines jerked suddenly while he was holding them, which caused him to sustain "severe bodily injuries," plaintiff now seeks to amend his complaint to remove these allegations and instead, allege that Defendants negligently exposed him to a "mooring line under strain," which "caused [him] to be [] placed in immediate risk of physical harm resulting in [him] experiencing severe emotional distress with physical manifestations." (Pl.'s Proposed Am. Compl. (Doc. No. 36) at 15 ¶ 27 (ECF Pagination).) Plaintiff seeks to allege that the "psychological injuries" he sustained include

5

"Somatoform Disorder with disuse atrophy of the left leg, emotional distress as well as aggravat[ion] and [an] increas[e] [o]f the prior pain and numbness that he previously experienced and [an] increas[e] of his Post Traumatic Stress Disorder." (*Id.* at 15 ¶ 29.)

But, as Defendants point out, plaintiff has not previously asserted psychological injury, specifically Somatoform Disorder, as the injury caused by the Defendants' purported negligence. Rather, plaintiff's original complaint, interrogatory responses, and deposition testimony all indicated that plaintiff's LHWCA claim was premised on him suffering *physical injuries*. Thus, nearly two years after the initiation of this lawsuit, nearly six months after the close of discovery and the identification and exchange of expert evidence, and nearly three months following the parties' submission of their joint pretrial order, plaintiff now seeks to dramatically shift his theory of injury.

Leave to amend is generally freely granted, but a court may deny leave to amend "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell,* 22 F.2d at 72. Plaintiff, who is in the best position to recognize the nature of his own purported injury, offers no explanation why he waited for years, and until the case was trial-ready, before seeking to amend his complaint to assert these psychological injuries. Instead, plaintiff argues that Defendants had notice that Somatoform Disorder was one potential explanation for plaintiff's symptoms and, therefore, would not be prejudiced by the amendment. This supposed notice, however, consists of oblique and passing references to generalized psychological injuries in two reports prepared by plaintiff's treating physician, and an opinion by Defendants' expert that there was no physical basis for plaintiff's symptoms and psychological causes needed to be examined. (*See* Pl.'s Reply Br. (Doc. No. 43) at 1–2.) At most, these reports indicate that physicians believed possible

psychological explanations for plaintiff's symptoms warranted additional investigation. But, these references certainly would not put Defendants on notice that plaintiff intended to proceed with his lawsuit under the theory that his manipulation of the mooring lines somehow triggered Somatoform Disorder, which in turn resulted in the numerous physical ailments that rendered him disabled. If plaintiff's amendment were allowed, Defendants would be forced to expend significant additional resources to investigate the factual basis for plaintiff's new theory, including perhaps engaging an expert to refute plaintiff's new claims, to prepare for trial. This expansion of discovery, in turn, has the potential to significantly delay the resolution of this dispute.

Moreover, since the close of discovery, plaintiff has sought further to shift the ground on which he claims he was injured as a result of the alleged negligence of defendants. He has attempted to proffer additional medical testimony and experts well after deadlines for doing so, without proper basis or explanation. He also now seeks to recover based on aggravation of pre-existing physical injuries. This theory appears, on the one hand, to be consistent with plaintiff's treatment records from the Veteran's Administration, but on the other hand, wholly contradicted by plaintiff's own deposition testimony and interrogatories in which plaintiff unequivocally denied the existence of certain physical injuries prior to the incident underlying this action. Further, a theory based on the aggravation of pre-existing physical conditions appears wholly inconsistent with plaintiff's new theory, sought to be pursued in this motion, that his injuries are the result of somatoform disorder. These circumstances further exacerbate the prejudice to defendants. As such, plaintiff's proposed amendments, seeking to allege that defendants' negligence caused Somatoform Disorder with disuse atrophy of the left leg, and/or aggravation and increase of prior pain and numbness, are denied.

However, to the extent plaintiff seeks to assert that the incident with the mooring lines aggravated his existing PTSD only, plaintiff may do so, as Defendants have no objection to this amendment. (*See* Defs.' Opp. to Pl.'s Mot. to Amend. (Doc. No. 38) at 3 (stating that Defendants do "not oppose plaintiff's motion to the extent that plaintiff seeks to now claim that the supposed accident exacerbated his pre-existing Post Traumatic Stress Disorder ("PTSD")."); *see also* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave.").

## CONCLUSION

For the foregoing reasons, Defendants' motion to amend to assert a counterclaim for fraud is granted, and plaintiff's motion to amend is granted only insofar as defendants consent to the amendment, and is otherwise denied.

This action is recommitted to the assigned magistrate judge for any amendments to pleadings and/or the Joint Pretrial Order consistent with this opinion, and all other remaining pre-trial matters.

SO ORDERED.

Dated: Brooklyn, New York  
   March 17, 2014

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge

8